IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL ORR, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV538 |
| | ) | |
| v. | ) | |
| | ) | |
| THE AUTO CLUB GROUP and AAA NEBRASKA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on defendant's[1] Rule 12(b)(6) motion to dismiss allegations of retaliation in the complaint (Filing No. 7). Upon review, the Court finds that the motion should be granted in part and denied in part.

## BACKGROUND

Plaintiff brought this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. The complaint alleges plaintiff worked for the defendant from approximately October 2005 until June 2007, and plaintiff was forced to resign his employment in June of 2007 because he was subjected to sex discrimination, retaliation, and a hostile work environment. In part, plaintiff alleges the defendant retaliated against him because he complained of possible violations of federal law being committed by the defendant.

---

[1] The defendant, The Auto Club Group d/b/a AAA Nebraska is incorrectly identified in the caption as two separate parties (Filing No. 7 at 1).

Defendant moves to dismiss "all allegations in the Complaint alleging retaliation" pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (Filing No. 7 at 1).  Defendant argues such allegations have not been exhausted and are time-barred.

**STANDARD OF REVIEW**

Rule 12 (b)(6) allows a party to attack the legal sufficiency of the complaint and move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007).  The Court "must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader."  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  "The court may consider, in addition to the pleadings, materials 'embraced by the pleadings' and materials that are part of the public record."  *See In re K-tel Intern., Inc. Sec. Litig.*, 300 F.3d 881, 889 (8th Cir. 2002)(quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

**DISCUSSION**

A plaintiff must exhaust his administrative remedies before bringing a Title VII action in federal court. *See Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996). In order to exhaust his remedies, a plaintiff must file a timely charge with the Equal Employment Opportunity Commission ("EEOC") and receive a right to sue letter. *Id.* The completion of this process constitutes exhaustion of "those allegations set forth in the EEOC charge and those claims that are reasonably related to such allegations." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002). Thus, a subsequently-filed lawsuit does not have to mirror the administrative charges; "[h]owever, 'the sweep of any subsequent judicial complaint may be [only] as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination.'" *Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020, 1025 (8th Cir. 2004)(quoting *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988)(internal quotations omitted).

In this case, plaintiff filed a timely charge with the EEOC and Nebraska Equal Opportunity Commission ("NEOC") (Filing No. 1, ¶ 8; Filing No. 1-2). On the charge, plaintiff checked the "retaliation" box and stated the following:

> . . . From on or about April, 2006, I was subjected to a hostile work environment by my supervisor, Peggy Davis (female). After complaining

>           to the HR dept. and Mike Tetrik
>           (Male), Davis' manager, about the
>           harassment, I was retaliated
>           against, and I was forced to resign
>           on 6/8/2007. . . . I allege this is
>           unlawful discrimination on the
>           bases of my sex and retaliation
>           which is a violation of Sections
>           48-1104 and 48-1114(1) of the
>           Nebraska Fair Employment Practice
>           Act and Title VII of the Civil
>           Rights Act of 1964 as amended. . .

(Filing No. 1-2).

       The charge alleges plaintiff was retaliated against for complaining about harassment.  Thus, these allegations are exhausted, and to the extent defendant moves to dismiss allegations that plaintiff was retaliated against for complaining of harassment, the motion will be denied.

       The more difficult issue is whether plaintiff's charge exhausts allegations that plaintiff was retaliated against for complaining of federal law violations.  The charge does not contain any allegations that plaintiff inquired about or complained of federal law violations, and there are no allegations that plaintiff was retaliated against on that basis.  Thus, the Court must decide whether a claim for retaliation based on complaints of federal law violations is reasonably related to allegations in the charge.  While plaintiff checked the "retaliation" box, the description of plaintiff's charges indicates the retaliation claim is based on plaintiff's complaints of harassment, and there is no indication that the

retaliation claim is based on complaints of federal law violations.  Moreover, the charge specifically asserts a violation of subsection 1 of § 48-1114 of the Nebraska Fair Employment Practice Act, which makes it unlawful for an employer to discriminate against an employee because he "has opposed any practice made an unlawful employment practice by the Nebraska Fair Employment Practice Act," but the charge does not allege a violation of subsection 3 of § 48-1114, which makes it unlawful for an employer to discriminate against an employee because he "has opposed any practice or refused to carry out any action unlawful under federal law or the laws of this state."  Neb. Rev. Stat. § 48-1114.  On balance, the Court does not find that a claim for retaliation based on complaints of federal law violations is reasonably related to the allegations in the charge.  Thus, allegations that plaintiff was retaliated against for complaining of federal law violations are not exhausted.

Because such allegations have not yet been exhausted, these allegations are also time-barred.  The complaint alleges that the discriminatory acts giving rise to plaintiff's claims occurred as late as June of 2007, and the 300-day limitation period for filing a charge with the EEOC has since passed.  *See* 42 U.S.C. § 2000e-5(e)(1).

Based on the foregoing, allegations that plaintiff was retaliated against for complaining of federal law violations are

not exhausted and are time-barred.  Defendant's motion to dismiss allegations that plaintiff was retaliated against for complaining of federal law violations is granted, and defendant's motion to dismiss will be denied in all other respects.  Accordingly,

    IT IS ORDERED:

    1) Defendant's motion to dismiss allegations that plaintiff was retaliated against for complaining of federal law violations is granted, and a claim for retaliation based on such allegations is dismissed with prejudice.

    2) Defendant's motion to dismiss is denied in all other respects.

    DATED this 11th day of May, 2009.

                BY THE COURT:

                /s/ Lyle E. Strom
                _____
                LYLE E. STROM, Senior Judge
                United States District Court