IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
MICHAEL ORR,                    )
                                )
           Plaintiff,           )         8:08CV538
                                )
     v.                         )
                                )
THE AUTO CLUB GROUP and AAA     )         MEMORANDUM OPINION
NEBRASKA,                       )
                                )
           Defendants.          )
_____)
```

## I. INTRODUCTION

This matter is before the Court on defendant The Auto Club Group d/b/a AAA Nebraska's ("AAA")[1] motion for summary judgment (Filing No. 25). AAA moves the Court to enter summary judgment in its favor on plaintiff Michael Orr's claims for (1) sex discrimination, (2) sexual harassment, (3) retaliation, and (4) constructive discharge, all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2003 et seq. Orr opposes the motion and has filed a brief in opposition (Filing No. 30). After reviewing the parties' briefs, the evidentiary submissions, and the relevant law, the Court finds AAA's motion for summary judgment should be granted.

---

[1] The defendant is incorrectly identified in the caption as two separate parties (Filing No. 25 at 1).

## II.  **FACTS**[2]

On September 19, 2005, AAA hired Orr as a supervisor in its Cash Processing Services department (AAA Brief, Filing No. 26 ¶ 9).  Orr's immediate supervisor was Peggy Davis; Davis' immediate supervisor was Michael Tetrick (*Id.* ¶¶ 2, 5).  In addition to Orr, Davis had two other Cash Processing supervisors working for her:  Amber Wassom and Emily Young (*Id.* ¶¶ 3, 4).  Orr supervised numerous people in his supervisory position, including Marilu Baker and Cassie Wilkins (*Id.* ¶¶ 7, 8).

From his start date until January 2007, Davis completed two performance evaluations (a.k.a. Partners in Performance Planning and Assessment, or "PIPs") on Orr, which reflected positively on Orr's work performance (*See id.* ¶ 11).  On February 20, 2007, Orr approached Mary Wagner, a Human Resources Generalist for AAA, regarding some issues Orr had with Davis (*Id.* ¶¶ 6, 12).  These issues included: (1) Davis never allowed Orr to speak with Tetrick; (2) Davis never yelled at Young or Wassom; (3) Davis would not speak with Orr; (4) Davis yelled and screamed

---

[2] Local Rule 56.1(b)(1) requires a party opposing a motion for summary judgment to include a concise response to the statement of material facts in the moving party's brief.  NECivR 56.1(b)(1).  Local Rule 56(b)(1) provides: "<u>Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response</u>."  NECivR 56.1(b)(1) (emphasis in the original).  Orr's brief opposing summary judgment does not controvert the material facts stated in AAA's brief.  Accordingly, the Court considers all the material facts stated in AAA's brief as admitted by Orr.

at Orr when Orr requested meetings with Davis; (5) Orr had a different management style from Davis and felt Davis was picking on him; and (6) Orr's subordinates had approached him to inquire what was wrong (*Id.* ¶ 12). That same day, Wagner spoke with Davis regarding Orr's concerns and advised Davis to speak with Orr about his concerns (*Id.* ¶ 13). On March 14, 2007, Wagner met with Orr and Davis to discuss performance issues pertaining to Orr, and Orr agreed to modify some of his work methods (*Id.* ¶ 14).

After injuring his shoulder early in 2007, Orr scheduled a leave of absence from work starting on April 5, 2007, for the purpose of undergoing and recovering from surgery (Orr Deposition, Filing No. 27-1 at 73-74; AAA Brief ¶ 15). The leave of absence was scheduled to last until May 4, 2007 (AAA Brief ¶ 18). In anticipation of the leave of absence, Davis sent an email to Orr in which she requested Orr complete PIPs for Orr's subordinates prior to Orr's leave of absence (AAA Brief ¶ 15; Davis Email 3/28/07, Filing NO. 27-3). When Orr submitted the PIPs to Davis on April 4th, Davis informed Orr that his PIPs were unsatisfactory (AAA Brief ¶ 16). During this meeting, Davis informed Orr that Davis did not believe Orr had taken their counseling sessions seriously because Orr's performance at work fell short of Davis' expectations (*Id.* ¶ 17).

Orr returned to work on May 7, 2007, and was restricted to conducting only sedentary work (*Id.* ¶ 18). On May 14, 2007, Davis directed Orr to resume the preparation of work management reports, which were a responsibility Orr held before his leave of absence, but had been delegated to a subordinate during the leave (*Id.* ¶ 21). However, as of June 7, 2007, Orr had not resumed preparing the work management reports and Davis confronted Orr about this (*Id.*).

On May 22, 2007, Davis and Tetrick met with Orr to discuss Orr's work performance issues (*Id.* ¶ 22). During this meeting, Davis advised Orr that Orr still had not completed PIPs for his subordinates (*Id.*). In addition, Davis instructed Orr to send copies of all of his email messages to her; Orr did not follow this instruction (*Id.*). In addition to the above-noted work performance issues, Davis identified several other of Orr's performance issues during his employment, including:

> 1) Orr reported assignments as completed when they had not been completed;
>
> 2) Orr impermissibly delegated his duties;
>
> 3) Orr failed to follow up on requests or pending tasks;
>
> 4) Orr's work management reports were continually late;
>
> 5) Orr failed to secure confidential information at his desk;

>    6) Orr's responses to requests for information or action were late;
>
>    7) Orr did not follow proper procedures;
>
>    8) Orr made payment processing errors;
>
>    9) Orr demonstrated poor supervisory skills;
>
>    10) Orr demonstrated a poor attitude;
>
>    11) Orr's untimely responses led to complaints from the Nebraska Department of Insurance;
>
>    12) Orr engaged in improper communications with AAA's clients; and
>
>    13) Female clients complained Orr used a condescending tone toward them.

(*Id.* ¶ 23).

On June 6, 2007, Orr again met with Wagner to discuss Orr's relationship with Davis (*Id.* ¶ 24). Orr voiced to Wagner that he felt he could not work with Davis and would probably resign (*Id.*). On June 8, 2007, Orr resigned from AAA (*Id.* ¶ 25).[3]

---

[3] In his letter of resignation, Orr stated, "I give my two week notice effective immediately." (Orr Letter of Resignation, Filing No. 27-4). Apparently, Orr believed it was AAA's standard procedure to not retain outgoing employees for a two-week period after outgoing employees notified AAA of their intent to leave AAA. Accordingly, Orr did not return to work after June 8th (*See generally* Orr Deposition, Filing No. 27-1 at 118-20).

On the day Orr resigned from AAA, Orr sent email messages to Baker and Tetrick, in which he discussed his resignation (*Id.* ¶¶ 26, 27). In his email to Baker, Orr expressed he had enjoyed working for AAA, but that his relationship with Davis had pushed him to resign (*See id.* ¶ 26). Orr also stated he intended to file a lawsuit against AAA in order to get Davis fired (*Id.*). In his email to Tetrick, Orr discussed how he blamed Davis for the situation leading to his resignation and noted Davis "did the same thing to Cassie Wilkins and Vanessa Alzuri" (*Id.*; Orr Email to Tetrick, Filing No. 27-6). Orr repeated that Davis had personality conflicts with Wilkins and Alzuri in his deposition (Orr Deposition at 36:23-42:4).

Orr filed a Charge of Discrimination with the Nebraska Equal Opportunity Commission (the "NEOC") and Equal Employment Opportunity Commission (the "EEOC") on August 27, 2007 (*Id.* ¶ 28; Charge of Discrimination, Filing No. 27-7). On August 21, 2008, the NEOC issued a determination in which it found insufficient evidence to establish Orr's discrimination, harassment, or retaliation allegations (AAA Brief ¶ 29; NEOC Commission Determination, Filing No. 27-8, at 1, 2). On September 30, 2008, the EEOC adopted the NEOC's findings and notified Orr of his right to private suit (AAA Brief ¶ 29; EEOC Dismissal and Notice of Rights, Filing No. 27-8, at 3). Thereafter, on December 30,

2008, Orr brought the present suit against AAA (*See generally* Complaint, Filing No. 1).

### III.   SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A fact is material only when its resolution affects the outcome of the case.  *Anderson,* 477 U.S. at 248.  A material issue is genuine if it has any real basis in the record.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).

On a motion for summary judgment, the Court must view all evidence and reasonable inferences in the light most favorable to the nonmoving party.  *Anderson,* 477 U.S. at 250.  However, the nonmoving party may not rest on the mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  If the plaintiff cannot support each essential element of his claim, summary judgment

will be granted because a complete failure of proof regarding an essential element necessarily renders other facts immaterial. *Id.* at 322-23.

## IV.   DISCUSSION

**A.   Sexual Discrimination**

Orr first contends that AAA, through Davis' actions, sexually discriminated against him in violation of Title VII. Title VII makes it unlawful for employers to discriminate against an employee with respect to the employee's sex. 42 U.S.C. § 2000e-2(a). To establish discrimination under Title VII, the employee must first establish the prima facie case of discrimination, which the Supreme Court described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a claim for sexual discrimination, an employee must show: (1) the employee is a member of a protected class; (2) the employee was meeting the legitimate expectations of his employer; (3) the employee suffered an adverse employment action; and (4) circumstances exist which give rise to an inference of discrimination. *Humphries v. Pulaski County Special Sch. Dist.*, 580 F.3d 688, 692 (8th Cir. 2009). If the employee establishes the prima facie case, the burden shifts to the employer to establish a legitimate, nondiscriminatory reason for taking the allegedly discriminatory action. *Humphries*, 580 F.3d at 692-93. If the employer provides a reason, the burden returns to the

employee to demonstrate that the proffered reason is pretextual. *Id.*

Orr's sexual discrimination claim must fail because Orr can not establish that he met his employer's legitimate expectations. The record establishes Davis identified numerous deficiencies with Orr's performance at work and Davis disciplined Orr for these deficiencies. For example, Davis instructed Orr to complete prior to his scheduled leave of absence PIPs for his subordinates. Orr, however, failed to complete this task to Davis' satisfaction in the time-frame Davis requested. In addition, upon his return from the leave of absence, Orr's failure to complete his subordinates' PIPs continued. In addition, on May 14, 2007, Davis ordered Orr to resume the preparation of his work management reports, but Orr continued to have a subordinate complete the work management reports until at least June 7, 2007, when Davis confronted Orr. Moreover, Davis identified numerous other deficiencies with Orr's performance at work. *See* Affidavit of Peggy Davis, Filing No. 27-9 ¶ 13.

The record reflects Orr has not established that he met the legitimate expectations of his employer, and thus, has failed to establish the prima facie case for sexual discrimination. Because Orr has not established an essential element of his sexual discrimination claim, the Court will enter summary judgment in favor of AAA on this issue.

**B.     Sexual Harassment**

Orr also contends that Davis' conduct constituted unlawful sexual harassment under Title VII. Title VII also makes it unlawful for employers to sexually harass their employees. *See* 42 U.S.C. § 2000e-2(a). To prove a sexual harassment claim, an employee must demonstrate an employer created hostile work environment. *See Sutherland v. Mo. Dep't of Corrections*, 580 F.3d 748, 751 (8th Cir. 2009). A hostile work environment exists when the employee establishes: (1) the employee was a member of a protected group; (2) the employee was subject to unwelcome harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take appropriate remedial action. *Sutherland*, 580 F.3d at 751.

The third element -- sex-based harassment -- is dispositive of Orr's sexual harassment claim. Orr has failed to demonstrate that Davis' harassment[4] of Orr was a result of Orr being a man. The record clearly reflects Davis perceived several performance issues with Orr, and Davis disciplined Orr for these perceived performance issues. There is no indication in the record, however, that Davis' disciplinary actions were based on

---

[4] The Court assumes, without deciding, that Davis' conduct toward Orr constituted unwelcome harassment.

Orr's sex.  Rather, the record reflects Davis engaged in similar disciplinary conduct with at least two of her female employees: Cassie Wilkins and Vanessa Alzuri.  The evidence fails to support a claim that Davis' conduct towards Orr was based on Orr's sex.  For this reason, Orr has failed to establish an essential element of his claim for sexual harassment due to a hostile work environment.  Therefore, the Court will enter summary judgment in favor of AAA on Orr's sexual harassment claim.

**C.   Retaliation**

Orr further contends AAA retaliated against him for his opposition to the alleged sexual harassment and discrimination Davis inflicted on him.  To establish a retaliation claim under Title VII, an employee must show (1) he participated in a protected activity, (2) his employer treated him in a manner that was materially adverse, and (3) there was a causal link between the two.  *Betz v. Chertoff*, 578 F.3d 929 (8th Cir. 2009) (citing *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006)).  Regarding the first element, there are two broad categories of protected activities: "[A)] opposing any discrimination made unlawful by Title VII or [B)] making a charge or participating in any manner in an investigation or proceeding under Title VII."  *Bogren v. Minnesota*, 236 F.3d 399 (8th Cir. 2000).  "To demonstrate the presence of protected opposition, a plaintiff must show a good faith reasonable belief that his

-11-

employer engaged in a discriminatory employment practice." *Evans v. Kansas City, Mo. Sch. Dist.*, 65 F.3d 98, 100 (8th Cir. 1995).

The record does not reflect that, during the time prior to his leaving AAA, Orr believed he was opposing any practice by AAA that was unlawful or discriminatory under Title VII. Orr has pointed to no evidence that indicates he believed he was being sexually discriminated against by AAA while he worked there. Thus, Orr has failed to prove an essential element of his retaliation claim, and the Court will enter summary judgment in favor of AAA on this issue.

**D.  Constructive Discharge**

Finally, Orr asserts AAA, through Davis' actions, constructively discharged him. To establish a constructive discharge occurred under Title VII, an employee must "show that a reasonable person in [his] situation would find the working conditions intolerable." *O'Brien v. Dep't of Agric.*, 532 F.3d 805, 810 (8th Cir. 2008) (internal quotation omitted). "This burden is substantial, . . . as the bar is quite high in constructive discharge cases." *O'Brien*, 532 F.3d at 810-11 (internal citations and quotations omitted).

Because Orr premises his constructive discharge claim upon the same allegations as his other claims, and the Court has found those claims insufficient to create liability under Title VII, Orr's constructive discharge claim necessarily fails. *See*

*id.* at 811 ("Peterson premises her constructive discharge claim on the same allegations we found insufficient to establish a hostile work environment.  As such, her claim fails.") (citing *Penn. State Police v. Suders*, 542 U.S. 129, 147 (2004). Therefore, the Court will enter summary judgment in favor of AAA on this issue.

## V.  CONCLUSION

For the foregoing reasons, the Court will enter summary judgment in favor of AAA on all of Orr's claims.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 31st day of December, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court